IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | No. 3:19-cr-160-L (5) |
| § | |
| LAMARCUS JERMAINE PARRISH, § | |
| § | |
| Defendant. § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

## Background

Defendant Lamarcus Jermaine Parrish is charged in a second superseding indictment with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); Interference with Commerce by Robbery, Aiding and Abetting, in violation of 18 U.S.C. §§ 1951(a) and 2; and Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *See* Dkt. No. 53.

After his arrest, the government moved to detain Parrish pretrial. *See* Dkt. No. 60. At his initial appearance on October 7, 2019, the Court appointed Robert Harrington to represent Parrish, and Parrish waived his right to a detention hearing. *See* Dkt. No. 64. And the Court ordered that he be detained pending trial. *See* Dkt. No. 65.

Parrish has now filed a Motion for Release on Personal Recognizance, *see* Dkt. No. 154, in which he

moves for immediate release from detention, on his own recognizance,

and in support shows:

Defendant was ordered detained, after waiving his detention hearing, on 10/7/19.

His case is currently set for jury trial on 4/21/21.

The court has before it a motion, filed by a co-defendant, to continue the current trial date of 4/21/21. The court has signaled its inclination to grant the motion, but to a date no earlier than mid-November, 2021. (The court has no earlier dates to which the trial can be reset because of a heavy backlog of cases awaiting trial.)

While movant understands the backlog and the impossibility of the court trying cases any faster than circumstances and judicial resources permit, he cannot be detained for an unreasonable amount of time while awaiting his trial date. A further delay until mid-November will cause him to have been in detention for over two years, that is, since 10/7/19. This will not constitute a reasonable period of pre-trial detention. Indeed, it is not even clear as of this writing that all participants in this case will be available for trial in mid-November, and so movant is concerned that his trial might even be postponed until some date in 2022, again due to no fault of the court or of any of the parties. This too would be an unreasonable period of detention.

The government is opposed to release of the defendant prior to trial.

WHEREFORE, defendant prays for release on his own recognizance, or a prompt hearing on this motion..

Dkt. No. 154 at 1-2.

United States District Judge Sam A. Lindsay, pursuant to 28 U.S.C. § 636(b), referred this motion to the undersigned to United States magistrate judge for hearing, if necessary, and determination. *See* Dkt. No. 155. But, as explained below, because the motion plausibly raises a due process challenge, the undersigned will address it through findings, conclusions, and a recommendation to Judge Lindsay.

The government requested and received permission to file a sealed response, *see* Dkt. Nos. 157 & 158, in which it explains that

>Parrish was previously ordered detained on October 7, 2019. Dkt. 65. Parrish now moves for release on personal recognizance. Dkt. 154. Except for the length of his detention pending trial, Parrish's 1½ page argument cites no facts or law to support his request. [As the defendant does not specify under which statute or legal authority he is seeking pre-trial release, the government assumes, and will proceed, under the theory that he is moving pursuant to 18 U.S.C. § 3142(f) to reopen his detention hearing. If the defendant makes any new subsequent arguments, the government will need to file a Sur-Reply.] The government opposes the motion because Parrish has not satisfied his threshold requirement to show that the detention hearing should be reopened. The Court should deny the motion.
>
>….
>
>Since Parrish's entry in the case, there has been a series of continuances. Dkts. 76, 84, 110, 137. Each continuance has been unopposed by all parties and the time excluded from speedy trial calculations. Id., Dkts. 77, 85, 112, 138. The case is presently set for trial on April 21, 2021. Dkt. 138. However, another motion for continuance has been filed. Dkt. 152. The parties have been warned that the earliest the case could be reset for trial is mid-November 2021, but the motion is expected to be granted as it remains unopposed.
>
>….
>
>The Court should deny the motion because Parrish has failed to satisfy his threshold requirements for a hearing. Parrish has not established that the motion is based on information that was not known to him or could not have been investigated before the detention hearing, nor has he claimed that his state hold has been released. A mere desire to be released is not enough. Parrish must establish a basis for the detention hearing to be reopened.
>
>….
>
>Even assuming Defendant is able to make a threshold showing, continued detention is appropriate under the relevant statutory factors. Defendant's motion completely ignores the factors that this Court must consider in determining whether a defendant should be detained pending trial. Those factors strongly support the defendant's continued detention.

Dkt. No. 159 at 1-6 (footnote omitted). Although the government filed its response under seal, this excerpt from the response – and thus these findings, conclusions, and

- 3 -

recommendation – should not be sealed.

## Legal Standards and Analysis

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

Parrish was eligible for pretrial detention under 18 U.S.C. § 3142(f)(1) at his initial appearance because he was charged by a complaint with a felony offense involving the possession or use of a firearm. *See* 18 U.S.C. § 3142(e)(3)(E). Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). And, the government, in moving for detention, also invoked the presumption of detention on the basis that there was probable cause to believe he had committed a drug/firearm offense with a 10+ year statutory penalty." Dkt. No. 60 at 2.

Parrish knowingly and voluntarily waived a detention hearing, after consultation with his appointed counsel and was ordered detained pending trial under 18 U.S.C. § 3142(f).

The Court may reopen a detention hearing, "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will

reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Under Section 3142(f)(2), the United States Court of Appeals for the Fifth Circuit has "interpreted th[e] standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable.")).

The Court may reject a motion to reopen because the evidence to be presented is not new or because it would not be material. *See Hare*, 873 F.2d at 799 ("Hare seeks a second hearing on various statutory grounds. First, he seeks to have his sister, mother, and a friend testify that he appeared whenever required to do so during prior prosecutions. He would also offer evidence of his exemplary conduct as an electrician while detained and of the fact that his pretrial incarceration will last considerably longer than usual. Under the Bail Reform Act a hearing may be reopened at any time before trial 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of risk of flight or dangerousness].' We agree with the district court that the testimony of Hare's family and friends is not new evidence. Nor can the length of his current or potential future detention be considered under this section since it is not material to the issue of risk of flight or dangerousness. Given Hare's past record of narcotics convictions and the seriousness of the present charges, the district court did

not abuse its discretion in finding that Hare's work as an electrician and selection as a trustee while in detention is not sufficiently material to the issue of dangerousness to justify a second hearing." (footnote omitted)); *accord Stanford*, 367 F. App'x at 510-11.

And, "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b).

I.  18 U.S.C. § 3145(f)(2)

Turning first to Section 3142(f)(2), the Fifth Circuit panel in *Hare* already held that "the length of [a defendant's] current or potential future detention [cannot] be considered under this section since it is not material to the issue of risk of flight or dangerousness." 873 F.2d at 799. And, as the government notes, Parrish points to no other new evidence – that is, new information that exists now and was not known to him when he waived a detention hearing – to support reopening the issue of detention under Section 3142(f)(2) – assuming (as the government does) that that is the basis for Parrish's motion.

Under these circumstances, a hearing is not required or appropriate on Parrish's motion under Section 3142(f)(2).

II  18 U.S.C. § 3145(b)

But Parrish may also intend to invoke Section 3145(b) to raise a due process

challenge to his continued pretrial detention based on the length of his time in custody.

As another judge in this district has explained in a similar procedural posture,

[a]lthough [Parrish's] argument is unavailing under § 3142(f), it does present the question whether his continued detention is permissible under the Due Process Clause of the Fifth Amendment. In *Hare* the panel held that "[b]ecause pretrial detention under the [Bail Reform] Act is regulatory, not penal, it does not constitute 'impermissible punishment before trial' that would violate due process." *Hare*, 873 F.2d at 800 (quoting *United States v. Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)). But the panel indicated that detention that was excessively prolonged could become punitive, and therefore prohibited by the Due Process Clause. *See id*. It stated that the district court must consider on a case-by-case basis

> not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

*United States v. Simpson*, No. 3:09-cr-249-D(06), 2010 WL 3283053, at *2 (N.D. Tex. Aug. 19, 2010) (citation omitted).

As the undersigned has previously explained, Judge Lindsay may permissibly refer a Section 3145(b) motion raising a due process challenge to a magistrate judge for recommendation. *See United States v. Cooper*, No. 3:16-cr-60-M(2), 2018 WL 1916983, at *17-*19 (N.D. Tex. Apr. 2, 2018).

Turning to the substance of Parrish's challenge, Parrish relies entirely on the length of his pretrial detention. Under these circumstances, a hearing is not required

or appropriate on Parrish's motion under Section 3145(b).

Taking up the relevant factors that Parrish's motion implicates, as to the length of the detention that has in fact occurred or may occur in the future and the non-speculative nature of future detention, the undersigned will assume – as Parrish does in support of his motion – that the trial will commence no sooner than November 2021 and may not be held "until some date in 2022, [] due to no fault of the court or of any of the parties." Dkt. No. 154 at 2. At that time, Parrish would have been detained for a period ranging between 25 and 36 months (assuming trial occurs no later than October 2022).

"Although the length of pretrial detention is one factor courts are to consider, it alone is not dispositive and carries no fixed weight in a due process analysis." *United States v. Stanford*, 722 F. Supp. 2d 803, 807 (S.D. Tex. 2010), *aff'd*, 394 F. App'x 72 (5th Cir. 2010). "Indeed, length of detention will rarely by itself offend due process." *Stanford*, 722 F. Supp. 2d at 807-08 (internal quotation marks omitted).

And other courts have held that pretrial detention periods of similar or slightly shorter durations do not violate due process. *See* Dkt. No. 349 at 18 (collecting cases); *accord Stanford*, 722 F. Supp. 2d at 809 (collecting cases); *see also United States v. Quinones-Davila*, Crim. A. No. 2016-0009, 2018 WL 834604, at *9 (D.V.I. Feb. 10, 2018) ("After consideration of the relevant factors under the circumstances presented, courts have found pretrial detention periods as long as forty-one months, *United States v. Casas*, 425 F.3d 23, 34 (1st Cir. 2005), thirty to thirty-three months, *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000), and thirty-two months, *United*

*States v. Melendez-Carrion*, 820 F.2d 56, 60-61 (2d Cir. 1987), to be constitutional.").

As to the fourth *Hare* factor, "'[a]ny delay occasioned by prosecutorial strategy may be a basis upon which an exceedingly lengthy pretrial detention offends due process.'" *Simpson*, 2010 WL 3283053, at *3 (quoting *Stanford*, 2010 WL 2745780, at *4, and explaining that "[t]here is no basis in the record to find that the government has delayed this case for strategic reasons"). "But delays caused by the defendant do not raise due process problems." *Stanford*, 722 F. Supp. 2d at 810. Here, Parrish concedes that the delays in going to trial are not caused by the government.

The analysis of the *Hare* factors applied to this case therefore compel the determination that Parrish's continued pretrial detention does not offend due process. 36 months of pretrial detention is long. But it appears clear that the case will go to trial some time in 2022, at the latest.

On the particular facts and circumstances presented here, the undersigned finds that Parrish's non-speculative present and future detention will not be excessively prolonged to the point of becoming punitive and therefore prohibited by the Due Process Clause, and the undersigned therefore recommends that Parrish's motion under Section 3145(b) for release on those grounds should be denied.

**Recommendation**

For the reasons explained above, the Court should deny Defendant Lamarcus Parrish's Motion for Release on Personal Recognizance [Dkt. No. 154].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE